<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| HENRY PEREZ, | : | Civil No. 10-0198 (RBK) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | <u>OPINION</u> |
| | : | |
| DONNA ZICKEFOOSE, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

    HENRY PEREZ,#48570-054
    New York CCM
    P.O. Box 329014
    Brooklyn, New York  11232
    Petitioner <u>Pro</u> <u>Se</u>

    PAUL A. BLAINE, Assistant United States Attorney
    Office of the United States Attorney
    Camden Federal Bldg & U.S. Courthouse
    401 Market Street
    Camden, NJ 08101
    Attorneys for Respondents

**KUGLER, District Judge**

On January 14, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' determination that he is not eligible for more than a 180-day pre-release custody placement in a community corrections center. Respondents filed an Answer and other documents.  Because Petitioner was placed in a community corrections center on or about October 5, 2010, this Court will dismiss the Petition as moot.

## I.  BACKGROUND

When he filed this Petition on January 14, 2010, Petitioner was incarcerated at FCI Fort Dix in New Jersey, serving a federal sentence.  The Petition challenges the Bureau of Prisons' determination that Petitioner is not eligible for more than a 180-day pre-release custody placement in a community corrections center under the Second Chance Act and 18 U.S.C. § 3624(c).  By Order filed January 19, 2010, this Court directed Respondent to file an answer.  On March 1, 2010, Respondent filed an Answer together with two declarations, arguing that the Petition should be dismissed.  On March 12, 2010, Petitioner filed a motion for summary judgment.  Respondents filed a memorandum opposing the motion on March 16, 2010.  Petitioner filed a Reply to the Answer on March 31, 2010.

On October 5, 2010, the BOP placed Petitioner in CCM New York, a community corrections center located in Brooklyn, New York, for the remainder of his sentence, which is scheduled to expire on March 31, 2011.  See Docket Entry #10 at p. 4; Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch &needingMoreList=false&IDType=IRN&IDNumber=48570-054&x=89&y=10 (Oct. 27, 2010).

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v.

Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence, he was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145. The question here is whether the BOP's placement of Petitioner in CCM New York, a community corrections center, on October 5, 2010, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he was to be placed in a community corrections center. Petitioner has been confined in a community corrections center since October 5, 2010, and his custodial sentence will expire March 31, 2011. When BOP placed Petitioner in a community corrections center, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also Burkey at 149 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); cf. United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). This Court will therefore dismiss the Petition and deny Petitioner's motion for summary judgment as moot.

## III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

    s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:      October 28th      , 2010